The opinion of the Court was delivered by
Carroll, Ch.
Before considering the grounds of appeal, there is a preliminary question to be disposed of. The appeal here is from the decretal order of the Circuit Court, dismissing the appeal, there heard, from the decree of the ordinary of Laurens. In .the settlement of the accounts of the executor of Joel W. Pinson, deceased, before the ordinary, a controversy arose between Jabez Pinson, one of the legatees, and Walker and Glen, claiming to be the assignees of his portion of the testator’s estate. The decree of the ordinary adjudged that the deed of assignment to Walker and Glen was obtained through duress, and was, therefore, void; and the grounds of appeal, as well to this Court as to the Chancellor on the circuit, impute error to the ordinary for having so adjudged. As the question upon which the appeal depends is one of fact, for the decision of which the Law Court is peculiarly fitted, the doubt arose whether the appeal from the ordinary ought not to have been made to the Court of Common Pleas; and, at the suggestion of this Court, the point has been argued here. The Act of 1S39, concerning the office and duties of ordinary, 11 Stat., 42, provides that, “if the appeal should be on a matter of account, the appellant shall docket the case in the Court of Equity for hearing,” but, that “in all other cases of appeal from the Court of Ordinary, the appeal shall be to the Court of Common Pleas.” The appeal here is not strictly “on a matter of account,” in its popular sense, but rather on a matter preliminary and incidental to account. No exception is taken to the statement of the accounts by the ordinary. In *112 deed, if the executor had been cited before the ordinary, at the instance only of Walker and Glen, claiming as assignees, the ordinary might, at the very outset of the proceeding, have decided against the validity of the assignment, and have declined taking any account at all. It is to be observed, also, that the Act of 1839 appears to assume that the statement of the accounts is necessarily brought to the view of the Chancellor, in the appeals to him from the ordinary; for it enacts that, if he approve the ordinary’s decree, the party, in whose favor it may be, may forthwith issue his writ of fieri facias to enforce the same, and if the Court should modify the said decree, it may order the commissioner to re-state the accounts, and, upon his report, made and confirmed, the party in whose favor it may be, shall be entitled “to like final process for its enforcement.” It cannot be admitted, however, that the exercise of appellate jurisdiction under the Act, whether by this tribunal or by the Court of Law Appeals, is to depend upon the mere election of the ordinary.
The whole course of procedure of the Law Court is unadapted to the adjustment of the complex and innumerable details and particulars entering into matters of account. The admission into an account of a single item, or its exclusion, ordinarily affects the entire result, and raises other and new questions, unforseen at the outset. If the determination of appeals from the ordinary, even upon questions incidental to the accounting had before him, be referred to the Law Court, great inconvenience must arise. If cotemporaneously with such an appeal, another appeal on a matter of account, in its popular sense, should occur, in the course of the same proceeding before the ordinary, all the confusion, incident to a. divided appellate jurisdiction, would inevitably ensue. Justice could not be effected by the agency of the Law Court in cases of this class, without repeated appeals, and after vexatious delays. To prevent these very evils it was provided by the Act of 1839, that such appeals should lie to the Court of *113 Equity, and that, upon the decree of the ordinary being affirmed, or else modified, and the accounts re-stated by the commissioner, and his report thereupon confirmed, final process should forthwith issue for enforcing the same.
It is not perceived that by this construction violence is done to the words of the Act. The term “account” comprehends a large head of equity jurisdiction, and it is in this latter sense that it should be read when employed in the statute referred to. It follows that the appeal from the ordinary, in this case, was properly entertained by the Chancellor on the circuit.
The deed of assignment to Walker and Glenn is adjudged by the ordinary to be invalid, because extorted from Jabez Pinson by duress. A contract is not necessarily void, because the person of the party bound by it, was at the time under restraint. Meek vs. Anderson, 1 Bail., 87. The Court has failed to discover in the evidence before the ordinary, sufficient proof that illegal constraint was used in procuring from Jabez Pinson the assignment referred to. Whatever presumptions against the deed, upon that ground, may arise from the gross inadequacy of the consideration, they are altogether counter-balanced by the repeated, consistent and peremptory refusals of the grantor afterwards to rescind the contract. It is ordered and decreed that the decretal order of the Chancellor on the circuit, as also the decree of the ordinary, be reversed, and that the cause be remitted to the Court of Ordinary, without prejudice to any equitable defence or claim to> equitable relief on the part of Jabez Pinson against the said deed, to be asserted before the ordinary, if he have jurisdiction, or elsewhere, as said Jabez may be advised.
Dunkin, Johnston and Wardlaw, CC., concurred.

Decree reversed.